HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN POLITO,<br><br>        Plaintiff,<br><br>    v.<br><br>WESTERN CAPITAL MORTGAGE, INC., et al.,<br><br>        Defendants. | CASE NO. C16-5613-RBL<br><br>ORDER DENYING MOTION TO RECUSE |

THIS MATTER is before the Court on Plaintiff Polito's Motion to Recuse this Court form hearing this case [Dkt. #14]. The motion is based on the fact that this Court presided over a prior, unrelated case involving Mr. Polito, and dismissed the bulk of that case (*See* Cause No. 15-cv-5542RBL). That case is apparently on appeal.

Polito claims that this court may be prejudiced against him do to "mistakes" he made in the prior case, due to being pro se (as he is in this case).

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. §144; 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is

1  bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v.*
2  *Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In the absence of specific allegations of personal
3  bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a
4  related or prior proceeding is sufficient" to establish bias.  *Davis v. Fendler*, 650 F.2d 1154, 1163
5  (9th Cir. 1981); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings
6  alone almost never constitute valid basis for a bias or partiality motion.").

7  Under the Local Rules of this District, a motion for recusal is addressed first to the
8  presiding judge, and if the judge does not recuse voluntarily, the matter is referred to the chief
9  judge for review. *See* LCR 3(e). This Court therefore considers Polito's Motion in the first
10 instance.

11 The fact that Polito lost his prior case in this Court is not evidence of bias, and is not
12 enough to warrant recusal. If this were the rule, a litigant would never have to litigate a second
13 case before a Court that found his first case wanting. This is not the law, and it should not be the
14 law. The prior case is unrelated and the rulings in it have no bearing on this case.

15 This Court will not recuse itself voluntarily, and **REFERS** this matter to Chief Judge
16 Martinez under LCR 3(e).

17 IT IS SO ORDERED.

18 Dated this 1st day of September, 2016.

Ronald B. Leighton
United States District Judge

- 2