HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN POLITO,

    Plaintiff,

  v.

WESTERN CAPITAL MORTGAGE, INC., et al.,

    Defendants.

CASE NO. C16-5613-RBL

ORDER DENYING MOTION TO REMAND

THIA MATTER is before the Court on Pre se Plaintiff Polito's Motion to Remand. Polito sued Western Capital, Caliber Home Loans, Countrywide Home Loans, and Bank of America, seeking to quiet title in the face of an apparent foreclosure on his residence. Bank of America and Countrywide (the only defendants served) removed it here, and Polito stipulated to their dismissal.

He now argues that because the removing parties have been dismissed, the court does not have jurisdiction over his claims against the remaining, apparently un-served, defendants.

While this makes some logical sense, it is not correct. The case was effectively removed here on the Defendants' notice. They claimed the court had diversity jurisdiction over the case

under 28 U.S.C. §1332, because the amount in controversy exceeded $75,000 and each defendant was a citizen of a state other than Washington:

> d.  Upon information and belief, Caliber Home Loans, Inc. is a Delaware corporation with its principal place of business in Texas. It is therefore a citizen of Delaware and Texas for diversity purposes.
>
> e.  Upon information and belief, Western Capital Mortgage, Inc. was a California corporation with its principal place of business in California. It is therefore a citizen of California for diversity purposes.

[Dkt. #1 at 3]. If these claims are true, the Court retains diversity subject matter jurisdiction over the case even if some of the defendants are dismissed, and even if those are the defendants that actually removed the case—defendants who are not served do not have to join on the removal for it to be effective.

In other words, if Caliber and Western are not citizens of Washington, the court continues to have diversity jurisdiction.

The Court's jurisdiction is determined at the time of removal. Therefore, unless a non-diverse defendant is (non-fraudulently) added to the case, the court's jurisdiction persists, even if the plaintiff voluntarily reduces the amount of damages he seeks. *See* W. Schwarzer, W. Tashima & M. Wagstaffe, *Federal Practice Before Trial*, §2:2360 (Rutter 2011) (If the amount in controversy exceeded the $75,000 minimum required for diversity jurisdiction at the time of removal, plaintiff ordinarily cannot thereafter divest the federal court of jurisdiction by reducing his claim to less than that amount.) (Citations omitted).

The Motion to Remand is DENIED.

1  Polito is **cautioned** that the time for serving a defendant in this court is 90 days from the
2  date the complaint is filed. Fed. R. Civ. P. 4(m). This case was filed July 11.

3  IT IS SO ORDERED.

4  Dated this 23rd day of September, 2016.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge