HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN POLITO,<br><br>    Plaintiff,<br><br>  v.<br><br>WESTERN CAPITAL MORTGAGE, INC., et al.,<br><br>    Defendants. | CASE NO. C16-5613-RBL<br><br>ORDER |

  THIS MATTER is before the Court on the following Motions: Plaintiff Polito's Motion for an injunction [Dkt. #23], and Polito's Motion for this Court to find it does not have subject matter jurisdiction [Dkt. # 26].

  The latter motion is based on Polito's claim that the Court has ruled that the defendants were not properly served, and his argument that this failure deprives the Court of subject matter jurisdiction. He also argues that there is "no statute" that gives the court jurisdiction since there is "no defendant requesting remand or acknowledging the Court's jurisdiction."

  Neither position is tenable. Then-defendants BANA and Countrywide removed the case on the basis of diversity jurisdiction (28 U.S.C. §1332(a)(1)). The Court already denied Polito's motion to remand [*See* Dkt. #s 15 and 18]. The subsequent dismissal of (or failure to effect

service on) a given defendant does not alter or divest the Court's subject matter jurisdiction. The Motion for a ruling that the Court does not have subject matter jurisdiction is **DENIED**.

Polito also seeks from this Court an Order enjoining the foreclosure sale of his home. He points out that he asked for such relief in his complaint but has not yet obtained a ruling on that request. A complaint is not a motion, and until the Court is asked to rule on something (or until trial) a claim for relief in a complaint does not trigger action by the Court.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Even if the Court assumes (without deciding) that Polito can establish the element of irreparable harm if he loses his property to foreclosure, in order to restrain the sale, he must

establish that he is likely to succeed on the merits of his underlying claims. His motion makes no effort to do that. His complaint includes only conclusory allegations of "fraud and negligence" related to his loan and the pending foreclosure, but he has not identified what exactly was fraudulent, when it occurred, or how it damaged him or excused him from repaying his mortgage. He has not established any likelihood of success on the merits of his claims, and he has not established that the balance of equities tips in his favor or that an injunction is in the public interest.

The Motion for an Injunction is **DENIED**.

IT IS SO ORDERED.

Dated this 21st day of November, 2016.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge